UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HENRY DEWITT,

    Plaintiff,

v.                                                    Case No: 2:17-cv-450-FtM-38CM

RICK SCOTT, MIKE CAROL, JERRY
BOYAL and DONALD SAWYER,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Petitioner Henry Dewitt's Motion for Reconsideration (Doc. #14) filed on October 2, 2017. On September 21, 2017, the Court dismissed Plaintiff's Complaint for failure to pay the filing fee or move to proceed in forma pauperis (IFP). Plaintiff now moves the Court to reconsider that dismissal.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. Carter v. Premier Restaurant Management, 2006 WL 2620302 (M.D. Fla. September 13, 2006) (citing American Ass'n of People with Disabilities v. Hood, 278 F. Supp 2d 1337, 1339 (M.D. Fla. 2003)). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Susman v. Salem, Saxon & Meilson, P.A., 153 F.R.D. 689, 904 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." Paine Webber Income Props. Three Ltd. Partnership v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Carter, 2006 WL 2620302 at *1 (citing Taylor Woodrow Construction Corp. v. Sarasota/Manatee Authority, 814 F. Supp. 1072, 1072-1073 (M.D. Fla. 1993)). A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time- an issue the Court has already determined. Carter, 2006 WL 2620302 at * 1. The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Id. (citing Quaker Alloy Casting Co. v. Gulfco Industries, Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. School Bd. Of Hillsboro County, Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." Carter, 2006 WL 2620302 at *1.

    Plaintiff presents no new law, facts, or manifest injustice necessary for the Court to reconsider the dismissal of his Complaint. While Plaintiff argues that he had no knowledge that the filing fee needed to be paid or a request for IFP needed to be made within thirty days of his Complaint being filed, the Court's Standing Order (Doc. #6) explicitly informed Plaintiff of what was required. (Doc. #2, ¶2). Thus, Plaintiff's Motion for Reconsideration is due to be denied.

Plaintiff's Complaint was denied without prejudice and, therefore, he may file a new case under a separate case number. Plaintiff is reminded that under the Local Rules of the Middle District of Florida, the Clerk will accept for filing all prisoner cases filed with or without the filing fee or application to proceed *in forma pauperis*. However, a prisoner case will be subject to **dismissal**, *sua sponte*, if the filing fee is not paid or the application is not filed **within 30 days of the commencement** of the action. M.D. Fla. Local Rule 1.03(e).

Accordingly, it is now

**ORDERED:**

Plaintiff Henry Dewitt's Motion for Reconsideration ([Doc. #14](Doc. #14)) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of October, 2017.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
Henry Dewitt
All Counsel of Record
SA: FtMP-2